UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| James L. Orrington, II, D.D.S., P.C., *on behalf of plaintiff and the class members defined herein*,<br><br>Plaintiff,<br><br>vs.<br><br>Mesa Laboratories, Inc., and John Does 1-10,<br><br>Defendants. | Case No. 1:18-cv-00841<br><br>Judge Andrea R. Wood |

### DEFENDANT'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL

On December 12, 2018, the Parties[1] appeared before this Court in connection with Plaintiff's Unopposed Motion for Preliminary Approval (Dkt. 31). At that time, the Court directed the Parties to provide further briefing on the issue of whether it is appropriate for the Court to enter an Order preliminarily approving a classwide settlement that enjoins settlement class members from pursuing litigation of the claims subject to the settlement in other jurisdictions. *See* Minute Order dated December 18, 2018, Dkt. 33. Pursuant to the Court's directive, Defendant submits the following authorities to demonstrate that an injunction provision of the kind proposed by the Parties here is necessary, appropriate, and commonplace in class action litigation.

---

[1] Plaintiff James L. Orrington, II, DDS, PC ("Orrington" or "Plaintiff") and Defendant Mesa Laboratories, Inc. ("Mesa" or "Defendant") are together referred to herein as the "Parties."

## INTRODUCTION

Settlement of this putative class action will resolve all of the claims asserted in a later-filed putative class action in another jurisdiction. Prosecution of parallel litigation while the Court considers the settlement proposed here will needlessly waste the respective courts' and parties' resources, risk inconsistent outcomes, and ultimately undermine the benefits of the proposed settlement. Under similar circumstances, in recognition of these problematic and inefficient consequences, courts evaluating proposed class settlements and courts presiding over parallel litigation of related claims have agreed that it is appropriate to delay any parallel proceedings pending final approval (or denial) of a proposed settlement.

## BACKGROUND

Plaintiff filed a class action complaint against Mesa in this Court on February 1, 2018, alleging that Defendant Mesa sent or caused to be sent unsolicited fax advertisements in violation of the TCPA and seeking to represent a class of "(a) all persons (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), (c) were sent faxes by or on behalf of defendant Mesa Laboratories, promoting its goods or services for sale (d) which did not contain a compliant opt out notice . . .". Compl., Dkt. 1, p. 5 of 19, ¶ 28.

More than four months later, on June 15, 2018, another plaintiff filed a putative class action against Mesa under the TCPA in the U.S. District Court for the District of Colorado, styled *Rowan Family Dentistry Inc. v. Mesa Labs, Inc.*, No. 18-cv-1496-CMA-KLM (D. Colo.) (the "*Rowan* Action"). The plaintiff in the *Rowan* Action seeks to represent "[a]ny and all individuals and entities, who or which, from 2014 to the present, received one or more unsolicited advertisements, advertising Mesa Labs' sterilizer monitoring system . . . via facsimile from Defendant." *Rowan* Action, Compl., Dkt. 1, p. 5 of 10, ¶ 19.

Earlier this month, Mesa and Plaintiff entered into a proposed class action settlement agreement resolving Plaintiff's individual and class TCPA claims. The settlement endeavors to resolve the TCPA claims of "[a]ll persons and entities in the United States who, on or after February 1, 2014 through the date of execution of the Parties' Settlement Agreement, were sent advertisements via facsimile by or on behalf of Mesa Labs promoting its goods or services for sale." Dkt. 31, p. 2 of 89, ℙ 4(a). The proposed settlement agreement thus encompasses the individual and putative class claims asserted in both this action and in the *Rowan* Action.

## ARGUMENT

In the class action context, "there is an overriding public interest in favor of settlement," as "[s]ettlement of the complex disputes often involved in class actions minimizes the litigation expenses of both parties and also reduces the strain such litigation imposes upon already scarce judicial resources." *Armstrong v. Board of School Directors*, 616 F.2d 305, 312-313 (7th Cir. 1980), *overruled on other grounds by Felzen v. Andreas*, 134 F.3d 873, 875 (7th Cir. 1998). These benefits cannot be realized, however, where multiple class suits involving the same claims are simultaneously litigated despite the pendency of a settlement that could resolve all of the claims in one stroke. Accordingly, "[a] federal district court 'has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties,'" including "the power to enjoin parallel litigation that threatens to interfere with the court's ability to consider or fashion a settlement between the parties." *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, MDL 1559 Master Case No. 4:03-md-01559-FJG, 2003 U.S. Dist. LEXIS 26070, at *11 (W.D. Mo. Dec. 22, 2003) (citations omitted). *See also In re Mexico Money Transfer Litig.*, No. 98 C 2407, 1999 U.S. Dist. LEXIS 17268, at *11 (N.D. Ill. Oct. 13, 1999) (Williams, J.) (" . . . once [class action] litigation reaches the settlement stage,

3

injunctions are appropriate to support the court's power to effectuate a final settlement.") (citations omitted). A court's decision to exercise its discretion in this regard in the class action settlement context only makes sense, as the progression of overlapping claims in other jurisdictions creates the very real potential for significant waste of judicial and party resources as well as inconsistent rulings and concomitant obligations, all of which undermine the benefits offered by the proposed settlement. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 2003 U.S. Dist. LEXIS 26070, at *16-17.

That this authority is both necessary and beneficial is demonstrated by the myriad preliminary approval orders issued by courts in this Circuit and elsewhere that contain injunction provisions similar to the one proposed by the Parties here. *See Lucas v. Kmart Corp.*, 234 F.R.D. 688, 697 (D. Colo. 2008) ("The Court also finds it appropriate to preliminarily enjoin members of the Nationwide Class and the Damages Sub-Class from asserting or pursuing any of the claims to be released pursuant to this settlement in either federal or state court, as numerous other courts have done in connection with preliminary approval of proposed class action settlements.") (citing cases). *See also Leung v. XPO Logistics, Inc.*, No. 1:15-cv-03877, Order (1) Conditionally Certifying a Settlement Class, (2) Preliminarily Approving Class Action Settlement, (3) Approving Notice Plan, and (4) Setting Final Approval Hearing, Dkt. 142, p. 8 of 11, ₱ 26 (N.D. Ill. Oct. 19, 2017) (Chang, J.) ("Pending the final determination of whether the Settlement should be approved, Plaintiffs and all persons in the Settlement Classes are hereby stayed and enjoined from commencing, pursuing, maintaining, enforcing or prosecuting, either directly or indirectly, any Released Claims in any judicial, administrative, arbitral or other forum, against any of the Released Parties . . . This injunction is necessary to protect and effectuate the Agreement, this Preliminary Approval Order, and the Court's flexibility and authority to effectuate the

4

Agreement and to enter judgment when appropriate, and is ordered in aid of this Court's jurisdiction and to protect its judgments."); *Douglas v. Western Union Co.*, No. 1:14-cv-01741, Preliminary Approval Order, Dkt. 58, p. 8 of 10, ¶ 21 (N.D. Ill. Nov. 10, 2015) (Feinerman, J.) ("The Court preliminarily enjoins all members of the Settlement Class unless and until they have timely excluded themselves from the Settlement Class from (i) filing, commencing, prosecuting, intervening in or participating as plaintiff, claimant or class member in any other lawsuit or arbitration proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims; and (ii) filing, commencing, participating in or prosecuting a lawsuit or arbitration proceeding as a class action on behalf of any member of the Settlement Class who has not timely excluded himself or herself (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims."); *Craftwood Lumber Co. v. Interline Brands, Inc.*, No. 1:11-cv-04462, Order Granting Preliminary Approval of Class Action Settlement, Dkt. 136, p. 5 of 6, ¶ 16 (N.D. Ill. Dec. 8, 2014) (St. Eve, J.) ("In aid of the Court's jurisdiction to implement and enforce the proposed settlement, Plaintiff and all Settlement Class Members shall be preliminarily enjoined, during the period from the entry of the Preliminary Approval Order to the date of the Final Approval Hearing, from commencing or prosecuting any action asserting any of the claims and causes of action to be released under the CASA, either directly, representatively, derivatively, or in any other capacity, whether by a complaint, counterclaim, defense, or otherwise, in any local, state, or federal court, or in any agency or other authority or forum wherever located."); *Wilkins v. HSBC Bank Nev., N.A.*, No. 1:14-cv-00190, Order (1)

5

Conditionally Certifying a Settlement Class, (2) Preliminarily Approving Class Action Settlement, (3) Approving Notice Plan, and (4) Setting Final Approval Hearing, Dkt. 59, p. 8 of 11, ¶ 21 (N.D. Ill. July 25, 2014) (Holderman, J.) ("Pending the final determination of whether the Settlement should be approved, the Class Representatives and all persons in the Settlement Class are hereby stayed and enjoined from commencing, pursuing, maintaining, enforcing, or prosecuting, either directly or indirectly, any Released Claims in any judicial, administrative, arbitral, or other forum, against any of the Released Parties.").

To be clear, the Parties are not asking this Court to enjoin the federal court presiding over the *Rowan* Action or the litigation itself; instead, the Parties seek an injunction prohibiting settlement class members who do not exercise their right to opt out of the settlement from prosecuting related claims in other proceedings until such time as this Court issues a ruling either finally approving the settlement or declining to do so. *See* Dkt. 31, p. 61 of 89 ("*The Class Representative and all Settlement Class Members are hereby stayed and enjoined* from commencing, pursuing, maintaining, enforcing, or prosecuting, either directly or indirectly, any released claims in any judicial, administrative, arbitral, or other forum, against any of the released parties. Such injunction will remain in force until the final approval order is entered or until such time as the parties provide notice that the settlement has been terminated.") (emphasis added).[2] As noted above, this Court is empowered to so act in the interests of efficiency,

---

[2] To the extent the plaintiff in the *Rowan* Action objects to any of the terms of the proposed settlement, it is free to either (1) opt out and pursue the *Rowan* Action once the settlement is finally approved or rejected, or (2) raise its objections in this Court as part of the approval process. *See Scoma Chiropractic, P.A. v. Dental Equities*, No. 2:16-cv-41-FtM-99MRM, 2016 U.S. Dist. LEXIS 179146, at *7 (M.D. Fla. Dec. 28, 2016) ("The Court understands that plaintiffs have substantive objections to the proposed settlement but that is not a basis for prejudice upon which the Court will deny a stay as plaintiffs have a forum to raise their objections - in the *Davis* [settling] action. Plaintiffs may also elect to opt-out/exclude themselves

economy and fairness. Moreover, and importantly, these very same considerations generally lead courts presiding over parallel, non-settling class action proceedings to stay those cases until a decision on settlement is made, as prosecution of the claims at issue while the settlement is pending needlessly strains the court's resources and upends the efficiencies of the class action mechanism. *See Ali v. Wells Fargo Bank, N.A.*, No. CIV-13-876-D, 2014 U.S. Dist. LEXIS 26670, at *7 (W.D. Okla. March 3, 2014) ("Courts routinely exercise this power and grant stays when a pending nationwide settlement could impact the claims in the case before them") (citations omitted). *Accord Scoma Chiropractic,* 2016 U.S. Dist. LEXIS 179146, at *8 (" . . . a stay will simplify the issues and reduce the burden of litigation on the parties as the settlement has the potential to resolve all claims held by plaintiffs against [defendants] alleged in this case."); *Hurrle v. Real Time Resolutions, Inc.*, No. C13-5765 BHS, 2016 U.S. Dist. LEXIS 1854, at *6 (W.D. Wash. Jan. 6, 2016) (staying TCPA action pending settlement of parallel action to "ensure[] the Court and the parties do not waste time and resources addressing issues that may change or become moot."); *Young v. Bank of Am., N.A.*, No. C 12-5514 PJH, 2013 U.S. Dist. LEXIS 31864, at *4 (N.D. Cal. Mar. 7, 2013) (staying TCPA action in light of pending settlement in parallel action and noting that "it would be inefficient to allow the present case to go forward, while knowing that many of the putative class members will have their claims extinguished by the settlement (if approved) in the earlier-filed cases."). Should this Court grant the proposed preliminary approval order submitted by the Parties here, Defendant will promptly

---

from the *Davis* settlement and not be bound by its determinations and judgments. Either way, the Court finds that a stay is appropriate as to [defendants] in light of the terms of the Settlement Agreement which enjoin litigation of released claims against the released parties pending a final determination whether the settlement should be approved.").

file a motion in the *Rowan* Action seeking a stay of those proceedings on the same grounds as those set forth above.

## **CONCLUSION**

Enjoining absent class members from prosecution of claims that are implicated by a pending class settlement is a salutary, standard practice that is routinely adopted both in courts evaluating proposed class settlements and courts presiding over related litigation. For the foregoing reasons, and the reasons set forth in Plaintiff's Unopposed Motion for Preliminary Approval, Defendant respectfully requests that this Court enter an order granting preliminary approval of the proposed settlement.

Dated: December 19, 2018     Respectfully Submitted,

MESA LABORATORIES, INC.

By:  */s/ Martin W. Jaszczuk*
   Martin W. Jaszczuk
   Seth H. Corthell
   JASZCZUK P.C.
   311 South Wacker Drive
   Suite 3200
   Chicago, Illinois  60606
   Phone:  312-442-0509
   *mjaszczuk@jaszczuk.com*
   *scorthell@jaszczuk.com*

## CERTIFICATE OF SERVICE

    I, Martin W. Jaszczuk, an attorney, certify that I caused the foregoing to be served upon all persons and entities registered and authorized to receive such service through the court Case Management / Electronic Case Files (CM/ECF) system on December 19, 2018.

/s/ Martin W. Jaszczuk