# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JAMES L. ORRINGTON, II, D.D.S., P.C., on behalf of plaintiff and the class members defined herein, <br><br> Plaintiff, <br><br> v. <br><br> MESA LABORATORIES, INC., and JOHN DOES 1-10, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) No. 18-cv-00841 <br><br> Judge Andrea R. Wood |

## FINAL ORDER OF APPROVAL

On January 8, 2019, this Court entered an order granting preliminary approval (the "Preliminary Approval Order") of the settlement between Plaintiff James L. Orrington, II, DDS, PC ("Plaintiff"), on its own behalf and on behalf of the Settlement Class (as defined below), and Defendant Mesa Laboratories, Inc. ("Mesa Labs" or "Defendant"), as memorialized in the Settlement Agreement (the "Settlement Agreement").

On May 24, 2019, the Court held a fairness hearing (the "Final Approval Hearing"), for which members of the Settlement Class had been given appropriate notice and were invited to appear, including those with any objections. An opportunity to be heard was given to all persons in accordance with the Preliminary Approval Order. Having considered the Parties' Settlement Agreement, Plaintiff's Memorandum in Support of Final Approval of the Class Action Settlement and all other evidence submitted, and good cause having been shown,

**IT IS HEREBY ORDERED THAT:**

1. This Court has jurisdiction over Plaintiff, Defendant, members of the Settlement Class, and the claims asserted in the Litigation.

2. The Settlement Agreement was entered into in good faith following arm's length negotiations and is non-collusive.

3. This Court grants final approval of the Settlement Agreement, including, but not limited to, the releases therein, and finds that the settlement is in all respects fair, reasonable, and adequate, and in the best interests of all those affected by it. The Parties and their counsel shall implement and consummate the Settlement Agreement according to its terms and provisions. The Settlement Agreement is binding on, and has res judicata and preclusive effect in, all pending and future lawsuits or other proceedings brought or maintained by or on behalf of Plaintiff and all other Settlement Class Members who have not opted out of the Settlement. Any pending actions addressing the same conduct and harm that is the subject of this Settlement Agreement shall be terminated based on the entry of this Final Judgment and Order. No timely objections were filed. Accordingly, all members of the Settlement Class who have not opted out are bound by this Order finally approving the Settlement.

### Class Certification

4. On <u>January 8, 2019</u>, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court entered an order entitled, "Order Preliminarily Approving Class Action Settlement and Class Notice" (the "Preliminary Approval Order").

5. The following Settlement Class is now finally certified for purposes of settlement pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3):

> All persons and entities in the United States who, on or after February 1, 2014 through the date of execution of the

Parties' Settlement Agreement, were sent advertisements via facsimile by or on behalf of Mesa Labs promoting its goods or services for sale.

6. The Court finds that certification solely for purposes of settlement is appropriate in that: (a) the class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the class that predominate over any questions affecting only individual class members; (c) Plaintiff's claims are typical of the claims of the class; (d) Plaintiff will fairly and adequately protect the interests of the class; (e) Edelman, Combs, Latturner & Goodwin, LLC is adequate class counsel; and (f) a class action is the superior method for the fair and efficient adjudication of this controversy.

6. James L. Orrington, II, DDS, PC is designated as the representative of the Settlement Class.

7. Dulijaza (Julie) Clark and Daniel A. Edelman of Edelman, Combs, Latturner and Goodwin, LLC are appointed as Class Counsel.

### Class Notice

8. The Class Notice (as described in the Settlement Agreement) fully complies with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the settlement of the Action. The Court has approved the forms of notice to the Settlement Class.

9. With respect to the Settlement Class, this Court finds that certification is appropriate under Federal Rule of Civil Procedure 23(a) and (b)(3). Notice was given by facsimile and first-class U.S. Mail to each Settlement Class Member whose identity could be identified through reasonable effort. Settlement Class Counsel also posted the Settlement Agreement and

Notice on its firm website, www.edcombs.com. The Class Notice and Settlement Agreement were also posted on www.MesaLabsTCPASettlement.com.

10. Over 3,200 valid claims have already been received and the Parties are continuing to work the Class Administrator to finalize claims by addressing potentially duplicate, deficient and/or late claims.

11. Plaintiff submitted the affidavit of Brittany Mitchell of KCC to demonstrate that the "Notice of Class Action and Proposed Settlement" (the "Notice") was sent to the members of the Settlement Class as ordered in the Preliminary Approval Order. The Court finds that the Notice and the process by which it was sent: (1) fully complied with the requirements of Rule 23(c)(2)(B) and due process; (2) constituted the best notice practicable under the circumstances; (3) constituted notice that was reasonably calculated, under the circumstances, to apprise the members of the Settlement Class of the pendency of this Action, their right to object to or exclude themselves from the proposed Agreement and to appear at the Final Approval Hearing; and (4) constituted due and sufficient notice to all persons entitled to notice of the settlement of this lawsuit.

## Objections and Opt-Outs

12. No member of the Settlement Class has filed an objection to the settlement.

13. Requests for exclusion have been submitted on behalf of the following entities / fax numbers which are hereby excluded from the Class and this case:

| Entity | Fax Number |
|---|---|
| EM My Orthodontist | 9367569393 |
| Eli Family Dentistry | 9499969673 |
| Healthy Smiles of Pearland | 7133401106 |
| Brady Dental Group, P.A. | 3255970380 |
| Craig M. Reading, DMD | 5306714778 |

4

**Class Compensation**

14. In accordance with the terms of the Settlement Agreement, Mesa Laboratories, Inc. shall provide a total of three million and three hundred thousand dollars ($3,300,000.00) to create a Settlement Fund, less any costs advanced for notice and administrative expenses pursuant to the Settlement Agreement. No portion of the Settlement Fund shall revert back to Defendant.

15. As set forth in the Settlement Agreement, each member of the class who has submitted a timely and otherwise valid claim will be entitled to a pro rata share of amounts remaining in the Settlement Fund subsequent to deductions for costs of notice and administration expenses; attorneys' fees; and a class representative award to Dr. James L. Orrington, DDS, PC. The Settlement Administrator will cause delivery of payments to class members. As agreed between the parties, checks issued to the class members will be void ninety-one (91) days after issuance. Any money remaining from checks issued to claiming class members but not cashed shall be awarded to the Chicago Bar Foundation.

**Releases**

16. All claims or causes of action of any kind by Plaintiff and Settlement Class Members who have not timely opted out or otherwise excluded themselves from the Settlement Class are forever barred and released pursuant to the terms of the releases set forth in Section V of the Settlement Agreement.

17. This lawsuit is dismissed with prejudice as to Plaintiff and all members of the Settlement Class (except that the dismissal shall be without prejudice as to those persons identified above who submitted valid exclusions), and without fees or costs except as provided for in the Settlement Agreement.

### Award of Attorneys' Fees, Costs, and Incentive Award

18. The Court has considered Class Counsel's application for attorneys' fees. The Court awards Class Counsel the sum of $1,033,333.33 as an award of attorneys' fees to be paid from the Settlement Fund, and finds this amount of fees is fair and reasonable.

19. The Court grants Class Counsel's request for an incentive award to the class representative and awards $10,000.00 to James L. Orrington, II, DDS, PC. The Court finds that this payment is justified by the Class Representative's service to the Settlement Class. This payment shall be made from the Settlement Fund.

### Other Provisions

20. The Court adopts and incorporates all of the terms of the Settlement Agreement by reference here.

21. The Parties to the Settlement Agreement shall carry out their respective obligations thereunder.

22. This Court retains continuing jurisdiction over this action, Plaintiff, all members of the Settlement Class, and Defendant to determine all matters relating in any way to this Final Approval Order and Judgment, the Preliminary Approval Order, or the Settlement Agreement, including, but not limited to, their administration, implementation, interpretation, or enforcement.

23. Neither the Settlement Agreement, the Preliminary Approval Order, this Order Finally Approving the Settlement, nor any of their provisions, nor any of the documents (including but not limited to drafts of the Settlement Agreement, the Preliminary Approval Order, Order Finally Approving the Settlement), negotiations, or proceedings relating in any way to the settlement, shall be construed as or deemed to be evidence of an admission or concession of any kind by any person, including Defendant, and shall not be offered or received in evidence in this

or any other action or proceeding except in an action brought to enforce the terms of the Settlement Agreement or except as may be required by law or court order.

24. Without further approval from the Court, the Parties may agree to and adopt such amendments, modifications, and expansions of the Settlement Agreement and its implementing documents as (1) shall be consistent in all material respects with this Final Approval Order and Judgment, or (2) do not limit the rights of Settlement Class Members

25. The Court orders Mesa Labs, or its agents, to transfer monies to the Settlement Fund as contemplated by the Settlement Agreement.

26. Within thirty (30) days of the Funding Date, Class Counsel shall file a notice with the Court affirming that the Settlement Fund was paid out as contemplated by the Settlement Agreement.

27. Any amounts remaining in the Settlement Fund after all distributions are made, inclusive of any second distribution payment to Class Members provided for in the Settlement Agreement, if needed, are to be paid as a *cy pres* award to the Chicago Bar Foundation.

28. The Court finds that there is no just reason to delay the enforcement of, or appeal from, this Final Approval Order and Judgment.

ENTER:

Dated: May 24, 2019

_____
Andrea R. Wood
United States District Judge