IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Stephanie Lukis, | ) | |
| individually and on behalf of all others | ) | CIVIL ACTION NO: 19-cv-4871 |
| similarly situated, | ) | |
| | ) | |
| *Plaintiffs,* | ) | JUDGE FEINERMAN |
| v. | ) | |
| | ) | MAG. GILBERT |
| Whitepages Incorporated, | ) | |
| | ) | |
| *Defendant.* | ) | |

_____

**STATEMENT OPPOSING DEFENDANT'S MOTION TO RECONSIDER, APPEAL**
_____

Plaintiff offers the following brief rebuttal to Whitepages' Motion to Reconsider (Dkt. 41) and Motion to Certify for Appeal (Dkt. 44). Plaintiff does not presume absent an order that the Court desires a full counter-briefing to Whitepages' forty-four (44) pages of memoranda, and so offers only the following broad arguments in opposition. Plaintiff requests that she be reserved the right to file a more fulsome brief should the Court deem it necessary.

**1. Defendant's motion to reconsider is improper because it does not introduce new evidence or identify manifest errors of law or fact.**

The purpose of a Rule 59 motion to reconsider is to bring to the court's attention (1) newly discovered evidence or (2) a manifest error of law or fact. *Bordelon v. Chicago School Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000). Whitepages' motion does neither. It offers no new evidence and does not establish how any aspect of this Court's prior opinion is "manifest error." Instead it "merely [takes] umbrage with the court's ruling and rehash[es] old arguments." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). This is not a proper use of Rule 59.

1

"Manifest error" means a disregard, misapplication or failure to recognize controlling precedent. *Oto* at 606. Of the six (6) arguments in Whitepages' motion, none identifies any such failure by this Court. ***First***, Defendant's argument that the Court's ruling creates "universal jurisdiction" is fundamentally off-base. Unlike the cases cited by Whitepages, this Court found that Plaintiff alleged Defendant's "repeated, intentional conduct directed at Illinois and its residents." (Dkt. 37 at 14). This is enough to create personal jurisdiction in this Court. ***Second***, Whitepages argues at length that the Court failed to consider the substance of its background reports—however, as the Court observed, there is no such report in the record and so the Court's refusal to consider it was not in error. ***Third***, Whitepages claims that the Court erred in finding that Whitepages use of Plaintiff's identity as alleged was for a "commercial purpose"—but it identifies no controlling precedent that conflicts with the Court's finding nor any error of fact in connection with that finding. ***Fourth***, Whitepages argues that the Court misapplied the 35(b)(4) exemption because its background reports are "news"—yet, again, without the background report in the record the Court rightly declined to consider the issue. ***Fifth***, Defendant argues that it did not use Plaintiff's identity because this case is analogous to *Dombrowski v. Intelius*, Inc., No. 17-cv-01406 (N.D. Ill. May 21, 2018)—but, as the Court noted in its opinion, *Dombrowski* does not present the same facts as this case and Whitepages' argument fails to observe the distinction. ***Sixth***, relative to the Communications Decency Act, Defendant argues that the Court erred where it failed to consider two out-of-circuit district court opinions and instead relied on a 7th Circuit opinion in reaching its holding. The deficiency of this argument speaks for itself.

2. **Whitepages' Section 1292(b) appeal request should be denied because the issues it requests be appealed are not contestable or otherwise appealable.**

Whitepages also asks for a 28 U.S.C. § 1292(b) interlocutory appeal of this Court's April 16 order. For a 1292(b) appeal to lie "there must be a question of *law*, it must be *controlling*, it

must be *contestable*, and its resolution must promise to *speed up* the litigation...Unless all of these criteria are satisfied, the district court may not and should not certify its order to us for an immediate appeal under section 1292(b)." *Ahrenholz v. Bd. of Trustees of Univ. of Ill.*, 219 F.3d 674, 675-76 (7th Cir. 2000) (emphasis in original). Whitepages advances five (5) separate arguments why a 1292(b) appeal should be granted, none of which meet the elements outlined in *Ahrenholz*. **First**, Whitepages claims that the Court's finding of personal jurisdiction presents a contestable issue. It does not. To be "contestable" the movant must show that there are "substantial conflicting decisions regarding the claimed controlling issue of law." *In re Bridgestone/Firestone, Inc. Tires Products Liability Litigation*, 212 F. Supp. 2d 903, 910 (S.D. Ind. 2002). Here, Whitepages identifies no such conflicting decisions. Its principal case in support, *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796 (7th Cir. 2014), is clearly based on different facts. In that case the defendant's contacts with the forum did not relate to the plaintiff's cause of action. *Id*. at 801. This was central to the 7th Circuit's decision and it is certainly is not the case here. Whitepages' **Second** and **Third** arguments are similarly uncontestable: that the Court erred finding (i) Whitepages' use of Plaintiff's identity was "for a commercial purpose" and so (ii) does not qualify for exemption under Section 35(b)(4). Whitepages claims that because there is no 7th Circuit precedent on these questions that they are necessarily contestable. This is incorrect. Even in the absence of appellate precedent there must still be "other courts [who] have reached inconsistent conclusions on the issue." *In re Potash Antitrust Litig.*, 2010 WL 11583542, at *2 (N.D. Ill. Jan. 13, 2010).[1]

---

[1]*See also Federal Deposit Ins. Corp. v. First Nat'l Bank of Waukesha, Wisconsin*, 604 F.Supp. 616, 620 (D.C.Wis.1985) (" § 1292(b) was not intended merely to provide an avenue for review of difficult rulings in hard cases, and the mere fact that there is a lack of authority on a disputed issue does not necessarily establish some substantial ground for a difference of opinion under the statute.").

Although Whitepages tries to drum up a difference of opinion on the issues presented by this lawsuit none of their cited cases rely on an interpretation of IRPA that contradicts this Court's. *Fourth* and *Fifth*, Whitepages seeks an appeal of the Court's decision to delay the determination of (i) First Amendment arguments and (ii) the application of 765 ILCS § 1075/35(b)(4). As argued above, the Court's decision was based on the fact that Whitepages' background reports are not in the record. Despite Whitepages attempts to dress them up otherwise these sorts of discretionary decisions are not properly appealable under 1292(b).

### 3.   Conclusion

Whitepages' motions seemingly ignore the details of this Court's prior ruling. Their arguments have already been persuasively rejected and there is no substantial reason to believe that an appeal of those issues would yield any different result. The Court should deny Whitepages' motions.

*Respectfully submitted,*

*/s/ Roberto Luis Costales*
_____
Roberto Luis Costales
William H. Beaumont
BEAUMONT COSTALES
107 W. Van Buren #209
Chicago, IL 60605
Telephone: (773) 831-8000
rlc@beaumontcostales.com
Attorneys for Plaintiff

4